IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

2005 NOV 10 A 9:45

Robert Twyman, jr, et. Al.,            )
_____     )
Full name and prison number            )
of plaintiff(s)                        )
                                       )
                                       )   CIVIL ACTION NO. 2:05CV1085-T
v.                                     )   (To be supplied by Clerk of
                                       )   U.S. District Court)
Troy King, et al.,                     )
_____     )
                                       )
_____     )
                                       )
_____     )
                                       )
_____     )
                                       )
_____     )
                                       )
Name of person(s) who violated         )
your constitutional rights.            )
(List the names of all the             )
persons.)                              )

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?  YES ( ) NO (XXX)

    B.  Have you begun other lawsuits in state or federal court
        relating to your imprisonment?  YES (XX) NO ( )

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below.  (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s)  State of Alabama
            _____

            _____

            Defendant(s)  Robert Twyman, Jr.
            _____

            _____

        2.  Court (if federal court, name the district; if
            state court, name the county)  Bibb County
            Circuit Court

3. Docket number  CV-05-06

4. Name of judge to whom case was assigned

   Judge Jones

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

   Habeas Corpus Dismissed; Appeal Affirmed

6. Approximate date of filing lawsuit  1-6-05

7. Approximate date of disposition  4-5-05

II. PLACE OF PRESENT CONFINEMENT  Bibb County Correctional Facility

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED

N/A

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| NAME | ADDRESS |

1. Troy King;  11 South union St. Montgomery, Al. 35130

2. 

3. 

4. 

5. 

6. 

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED  2-13-04

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE:  Fourth Amendments Rights Violated

On 5-27-96, plaintiff was granted paroled by the Al. Bd. of

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND.  (State as best you can the time, place and manner and person involved.)

Pardons & Paroles, and released from the (ADOC). Months later plaintiff parole was transfered to Cobb Co., Ga. 3-27-98, plaintiff was arrested for Aggivated Assault of a Veriona Evans. Plaintiff was eventually convicted of two misdemeanors. "The Ga. parole officer subsequently recommended that Twyman be continued on

GROUND TWO: parole supervision. The Board accepted this recommendation and voided its declaration of delinquency. For

SUPPORTING FACTS: some reason...., the fugitive warrant issdued by the Department of Corrections was not voided." Plaintiff was released by the Cobb Co. 9-15-98. However. 2-13-04 plaintiff was arested for a unrelated charge in Talladega Al., and later declared a parole violater, A so-called Fugitive Warrant was issued 6-9-98 by the ADOC, Commissioner, which has been used to placed plaintiff back in prison. The Commissioner of the

GROUND THREE: ADOC does not have the authority to issue a warrant, without a magistrate or Judge's signature, for he's a law

SUPPORTING FACTS: enforcement official. The Code of Alabama has a statute that supposely authorizes the retaking of prisoner, by the Commissioner issuing warrants. The Fourth and Fourteenth Amendments of the U.S. Constitution, prohibits such an act.

The defendant has a duties under state law to ensure no such unconstitution laws wxist, in the State. WHEREAS, the defendants has acted under color of state law, for not performing his duties, and plaintiff's constitutional right have been violated.

SEE ATTACHED ARGUMENT IN SUPPORT OF CIVIL RIGHT COMPLAINT:

3

VI.  STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.

VI.  STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

<u>Plaintif request a trial by Judge and Jury; Declaratory Judgment and Injunction relief for the misusuage of the State statute, which violated well established rights of plaintiff; and any other relief this Court, may see-fit:</u>

_____
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON <u>November 9, 2005</u>  .
(Date)

*Robert Twymen, Jr* 
Signature of plaintiff(s)

4

ARGUMENT IN SUPPORT OF CIVIL RIGHT COMPLAINT

"Under section 1983 of the Civil Right Act of 1871, a prisoner may seek redress. When a person acting under color of state law deprives the prisoner of right guaranteed by the Constitution or federal law. Section 1983 is not itself a wource of substantive rights, but rather it is a means of vindicating federal rights established elsewhere. Section 1983 supplements available state remedies designed to vindicate violations of constitutional rights.'

According to the Code of Alabama, Chapter 15, Attorney General, Section 36-15-1. Duties generally;
"(7) At such time as the Attorney General deems appropriate, the Attorney General shall carefully examine all of the general statutes now in force, or which hereafter may be enacted by the Legislature from time to time, as to their clarity and constitutional validity."

Pursuant to the United States Constitution, the Fourth Amendment; The issuing magistrate must meet two tests. They must be neutral and detached, and they must be capable to determini whether probable cause exists for the requested arrest.

The Code of Alabama, Section 15-7-4 coinside with the Fourth Amendment. "A paper in the form of a warrant mot bearing the signature of any judge or magistrate is not a warrant but a mere nullity. Grissom v. Lawler, 10 Ala. App. 540, 65 So. 705 (1914)."

However, the Code of Alabama section 15-22-31(a), states;
"If the parole officer having charge of a paroled prisoner or any member of the Board of Pardons and Paroles shall have reasonable cause to believe that such prisoner has lapsed, or is probably about to lapse, into criminal ways or company or has violated the conditions of his parole in an important respect, such officer or board member shall report such fact

5

to the Department of Corrections, which shall therupon issue a warrant for the retaking of such prisoner and his return to the prison designated.'

Section 15-22-31(a) violates the Fourth Amendment of the U.S. Constitution, for it allows the Commissioner of the Alabama De4partment of Corrections to issue a warrant. The Commissioner is a law enforcement officer.

The United States Supreme Court stated in Coolidge v. New Hamphire, 403 U.S. 443, 452 (1971); "State statutes permitting law enforcement officer themselves to issue warrant violates te Fourth and Fourteenth Amendment of the United States Constitution.

Section 15-22-31(a), also violates the Constitution of Alabama, 1901 Articles III Sections 42 & 43. For the Commissioner of the Alabama Department of Corrections falls under the Executive Department and the issuing of warrants falls within the judicial Department.

"The legislature cannot transfer from the Executive Department to the Judicial Department power expressly and conclusively conferred upon the Executive Department by the constitution. Montgomery v. State, 231 Ala. 1 (1935).

The defendant Troy Kings, the Attorney General for the State of Alabama, has acted under the color of State Law for allowing this unconstitution law and such procedure to exist, in order to incarcerate inmates, as the plaintiff, and other in violation of the United States and Alabama Constitution.