IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT TWYMAN, JR.,      *

    Plaintiff,      *

Vs.      *      Case No. 2:05-CV-1085-T

TROY KING,      *

    Defendant.      *

PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE ORDER AND RECOMMENDATION

    Comes Your Plaintiff Robert Twyman, Jr., Pro-se, and moves this Court with his objection, showing good cause in the following as to why the In Forma Pauperis should be granted:

I.

    In civil context, the test is whether the litigant has a "fundamental interest at stake." Plaintiff's fundamental interest (a state statute authorizing a parole procedure to be conducted soley upon a fugitive warrant issued by a law enforcement official, which violates the Federal Constitution.) A favorable judgment, would allow plaintiff, afterward to seek habeas corpus relief. This court must waive filing fees, cause plaintiff's unable to pay. The Declaration in Support of Request to proceed In Forma Pauperis and Certification from the Bibb County Institution, shows plaintiff's indigence, for he has not received any money since August of 2004.

    Plaintiff has a fundamental interest in Article IV of the Constitution, "...against unreasonable searches and seizures, shall not be violated, and no Warrant shall issue, but upon probable cause, supported by Oath or affirmation..." Compare "Plaintiff's Exhibit A" the fugitive warrant, attached to this objection. It shows a clearly violation of the fourth amendment to the Federal Constitution, and the Code of Alabama, section

15-7-4. Also see "Argument in Support of Civil Right Complaint" attached to section 1983 complaint.

In the "Argument in Support," plaintiff's showing; (1) violations of the Federal Constitution; (2) violations of the Alabama Constitution; and (3) violations of the Code of Alabama. Pursuant to the Code of Alabama section 36-15-1(7), defendant Troy King, the Attorney General for the State of Alabama, has duties to ensure that state statute are Constitional. Defendant King has failed to perform this duties, according to law governing the State of Alabama.

II.

Plaintiff has an important interest in access to federal courts for vindication of his federal constitutional rights Jackson v. Anderson, 112 F.3d 823 (5th Cir. 1997); lyon v. Krol, 127 F.3d 763 (8th Cir. 1997); and Rivera v. Allen, 144 F.3d 719 (11th Cir. 1998).

The Code of Alabama section 15-22-31, is in direct conflict with section 15-7-4. Section 15-7-4, states only magistrate or judges can issue warrants. Section 15-22-31(a), authorizes the Commissioner of the Department of Corrections to issue a warrant.

Section 15-22-31, burden the fundamental right of plaintiff to the Fourth Amendment of the Federal constitution, for a warrant must be issued by a "neutral and detached" individual capable of determining whether probable cause exists. It further violates the Fourteenth Amendment's Equal Protection Clause, as incorporated through the Fifth Amendment's Due Process Clause, for it bears no rational relation to a legitimate end. It authorize only the arrest of parole violater, allowing a officer of the Executive Department to exercise the duties of an officer of the Judicial Department, which's a mixer of State Government Powers which violates, Article III, section 42 & 43, of the Constitution of Alabama, 1901.

Among those person who have been held not to qualify as neutral and detached magistrate are law enforcement officers, police officer, prosecuting attorney and attorney generals. See Shadwick v. Tampa, Warrant-Neutral Magistrate, 32 Led 2d 971.

In Coolidge v. New Hampshire, 403 US 443 (1971), the U.S. Supreme Court stated, with reference to state statutes which had "permitted a law enforcement officer himself to issue a warrant," that such a method of issuing [] warrants violated a fundamental premise of both the Fourth and Fourteenth Amendment.

Moreover, all of the Supreme Court cases support the same conclusion, that the person issuing a warrant must be someone other than a law enforecment officer, or police officer.

### III.

In Wilkinson v. Dotson, 161 Led 2d 253 (2005), Ohio prisoners filed section 1983 actions in the United States District Court for the Northern District of Ohio; claimed that the state's parole procedures violated the Federal constitution; and sought declaratory and injunctive relief.

On Certiorari, the Supreme Court affirmed and remanded, holding "A state prisoner may bring a section 1983 for declaratory and injunctive relief challenging the constitutionality of state parole procedures.

Section 1983 remains available for procedural challenges where success would not necessarily spell immediate or speedier release for the prisoner. Wolff v. McDonnell, 418 US 539 (1974).

Plaintiff seeks relief that will render invalid the state procedures, Code of Alabama, section 15-22-31, which authorizes a law enforcement officer, "the Commissioner of the Department of Correction to issue a warrant" violates the Federal Constitution. A favorable judgment would not necessarily imply the invalidity of plaintiffs incarceration, but would invalidity

-3-

the usage of that procedural.

Section 1983 (authorizing claims alleging the deprivation of constitutional rights against every "person" acting "under color of" state law). Where a section 1983 action "even if seccesful, will not demonstrate the invalidity of any criminal judgment..., the action should be allowed to proceed. Heck v. Humphrey, 512 US 477 (1994).

Plaintiff's has a claim for an injunction, barring future unconstitutional procedures, pursuant to the Code of Alabama section 15-22-31.

### IV.

This Court should consider the merits of the complaint, and the impact inwhich the unconstitution state statute has effected the over-crowded Alabama Prison System; the under staffed correction officer; the numerous stabbing and rapes of inmtes, by other inmates. Officer beaten by inmates, inmates beaten by officer. Plaintiff has appeared in the U.S. District Court for the Northern District of Alabama, as a witness for an inmate which was beaten by correction officers. Plaintiff has been interviewed by State investigater I & I as to threats by a correctional officer. This court should impose it's jurisdiction, to acknowledge that plaintiff, along with other inmates are in imminent danger of serious physical injury, cause by the unconstitution procedural being allowed to exist in direct with the Federal and State Constitution.

### CONCLUSION

**WHEREFORE**, Premises Considered, Plaintiff Prays this objection be well taken, and his In Forma Paupers be granted.

Done this the 1st day of December, 2005.

*Robert Twyman, Jr.*
147435 D-1-22B
565 Bibb Lane
Brent, Alabama 35034

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of this Objection on the defendant, by placing the same in the United States Mail, first class, postage prepaid and addressed correctly.

*Robert Twyman Jr.*
147435 D-1-22 B
565 Bibb Lane
Brent, Alabama 35034

Defendant:
Attorney General for the
State of Alabama
Troy King
11 South Union Street
Montgomery, Alabama 36130