IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

RECEIVED 2006 MAY -5 A 10: 38
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA
No. 06-11682-C

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 0 4 2006
THOMAS K. KAHN
CLERK

Dist. Ct. Docket No. 05-01085-CV-T-2-MHT

IN RE:

ROBERT TWYMAN, JR.

Petitioner.

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Alabama

**BEFORE:** CARNES, HULL and MARCUS, Circuit Judges.

**BY THE COURT:**

Robert Twyman, Jr., an Alabama state prisoner proceeding pro se, moves for reconsideration of this Court's March 15, 2006 order dismissing his petition for writ of mandamus, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), unless he paid the full filing fee within 14 days of the order. A party seeking rehearing or reconsideration must specifically allege any point of law or fact that this Court overlooked or misapprehended. See Fed.R.App.P. 40.

In his motion for reconsideration, Twyman argues that (1) the district court was without jurisdiction to dismiss Twyman v. Hill, et al., No. 2:04-cv-00702-MEF-CSC (M.D. Ala.), one of

the cases relied upon by this Court to determine that Twyman had three strikes; (2) he should be allowed to proceed without payment of fees because he is indigent; and (3) he is in imminent danger of serious physical injury because he is in prison where it is "possible he will die."

Because Twyman has not alleged any point of fact or law that we overlooked or misapprehended, we deny his motion for reconsideration. First, there is no indication that the district court was without jurisdiction in the case of Twyman v. Hill. Second, we did not overlook the fact that Twyman was indigent, but rather, determined that he could not proceed without payment of fees pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner may proceed in forma pauperis despite having "three strikes" if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Twyman did not allege that he was in imminent danger in his petition for writ of mandamus, however, he cannot show that we overlooked or misapprehended that alleged fact. Moreover, Twyman's conclusory allegation, that he is in imminent danger simply because he is in prison, is insufficient to show that he is at impending risk of serious physical injury. See Brown v. Johnson, 387 F.3d 1344, 1349-50 (11th Cir. 2004) (discussing what constitutes imminent danger of serious physical injury). Accordingly, Twyman has failed to establish that this Court overlooked or misapprehended any point of fact or law, and his motion for reconsideration is **DENIED**.